## The People of the State of Illinois ex rel. J. Norman Jensen, Appellee, v. Percival B. Coffin et al., Civil Service Commissioners, et al., Appellants.

### Gen. No. 22,397.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 27, 1916. Rehearing denied December 11, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Petition by the People of the State of Illinois, on the relation of J. Norman Jensen against Percival B. Coffin *et al.*, as civil service commissioners, *et al.*, respondents, in the Circuit Court of Cook county, for a writ of mandamus to compel the reinstatement of relator in the office of architectural engineer in the department of buildings in the City of Chicago, and to compel the city treasurer and comptroller to pay relator the salary to which he was entitled. From an order granting the prayer of the petition and awarding the writ, respondents appeal. In some features this case is like *People ex rel. Blachly v. Coffin,* Gen. No. 22,396, *ante,* p. 100.

SAMUEL A. ETTELSON, for appellants; GEORGE CURRAN and ROY S. GASKILL, of counsel.

FRANCIS X. BUSCH, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. CIVIL SERVICE, § 30*—*when petition to reinstate sufficiently alleges ordinance creating office.* A petition for a writ of mandamus

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to compel the reinstatement of relator in a public office, setting out *in haec verba* the ordinances relied on as creating the office in which relator sought reinstatement, *held* sufficiently to allege such ordinances and also ultimate facts as distinguished from conclusions, although the different steps taken in passing the ordinances are not alleged.

2. MUNICIPAL CORPORATIONS, § 108*—*what constitutes creation of office.* On a petition for a writ of mandamus to compel the reinstatement of relator in the office of architectural engineer in the department of buildings in Chicago, an ordinance creating such department and providing for certain architectural engineers therein, and prescribing their qualifications, together with the fact that the annual appropriation ordinance provided for the salary of such officer, *held* to create the office in which relator sought reinstatement.

3. CIVIL SERVICE, § 30*—*when lack of legally passed appropriation ordinance immaterial on petition for reinstatement.* On a petition for a writ of mandamus to compel the reinstatement of relator in a public office, the fact that the annual appropriation ordinance providing for the salary of the office in which relator sought reinstatement was not passed by a two-thirds vote, *held* immaterial where it appeared that the office was not created by such ordinance, but by a prior ordinance which was passed unanimously.

4. CIVIL SERVICE, § 24*—*when proceedings removing employee not reviewable.* Where the Civil Service Commission has proceeded according to law in removing from office an employee in the classified service, the justice of its decision cannot be reviewed.

5. CIVIL SERVICE, § 10*—*what commission may not do.* Under the Civil Service Act, sec. 12 (J. & A. ¶ 1811), providing that no officer or employee in the classified service shall be removed or discharged except on written charges and after an opportunity to be heard in his own defense, and under a rule passed under authority of section 4 of the same act (J. & A. ¶ 1802), providing that such officer or employee who shall be guilty of certain offenses shall be subject to removal or discharge, the Civil Service Commission of Chicago has power only to find such officer or employee not guilty, or to find him guilty and discharge him, and has no power to separate the officer or employee from the department to which he was originally appointed and restore him to the eligible list for certification in another department.

6. CIVIL SERVICE, § 30*—*when finding on petition for mandamus for reinstatement requires award of writ.* On a petition for a writ of mandamus to compel the reinstatement of relator in a public office

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

from which he was discharged by the Civil Service Commission after charges and a hearing, a finding that the evidence was "insufficient to warrant the removal" of relator "from the service of the City of Chicago," *held* to be in substance a finding that the charges were not sustained by the evidence, and to require the commission to restore relator to his office.

7. MANDAMUS, § 139*—*when petition for reinstatement in office not obnoxious to general demurrer.* On a petition for a writ of mandamus to compel the reinstatement of relator in a public office, petition *held* not obnoxious to general demurrer in that it sought both reinstatement in the office and also salary.